IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| GREGORY LYNN WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>N. CHEYENNE CORRECTIONS OFFICERS, et. al.,<br><br>Defendants. | Cause No.  CV 09-00116-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Gregory Lynn Wallace's Motion to Proceed In Forma Pauperis (Court's Doc. 1) and proposed medical malpractice Complaint (Court's Doc. 2).

I.  MOTION TO PROCEED IN FORMA PAUPERIS

Permission to proceed in forma pauperis is discretionary with the Court.  See 28 U.S.C. § 1915(a).  Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT– CV 09-00116-BLG-RFC-CSO / PAGE 1

and his family.  Adkins v. E. I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

   A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

## II.  STATEMENT OF THE CASE

### A. Parties

Wallace is a prisoner incarcerated at the Casper Re-entry Center in Casper, Wyoming.  When not incarcerated he is a resident of Lame Deer/Busby, Montana.

On the first page of the Complaint, Wallace names "N. Cheyenne Corrections Officers, Crow Corrections Department, and F.C.I. Sheridan, OR" as Defendants.  (Court's Doc. 2, p. 1).  In the parties section of the Complaint, he names:  Calvin Wilson, a prosecutor with the Northern Cheyenne Tribe, Inc.; Brandi Bends, a tribal prosecution officer at the Northern Cheyenne Tribal Court; and Crawford Sankey, a lead corrections officer at the Northern Cheyenne Tribal Detention Facility.  (Court's Doc. 2, p. 4).

### B. Wallace's Allegations

Wallace first alleges a denial of medical attention from Crow Agency Corrections Department after a vehicle accident.  He lists the date of incidents as October 18, 2006 and April 29, 2003.  In the supporting facts section, Wallace states:

> X-ray's undisclosed to N. Cheyenne Community Health Center's Indian Health Service Representative Debbie Bends. Neck, back & no legal MRI before surgery appointment on August 27, 2008. Sheridan, Oregon Federal Correctional Institution has been administering Elavil/Generic Amitriptylene for serious long term neck & knee injury.

(Court's Doc. 2: Complaint, p. 5, ¶ IV(A)(1)).

In the section of the Complaint that requests Wallace to identify what each defendant did or did not do to cause his injury, Wallace states:

> 2006: Medical personnel of Federal Correctional institution at the state of Oregon, Sheridan: whom has no MRI or x-ray records from the right knee ligaments torn at their indoor gym court. Mr. Bonn, thereof the personal injury issues that followed me from Atwater, CA United States Penitentiary & Montana state @ organized law enforcement services of Crow N. Cheyenne I.H.S.

(Court's Doc. 2, p. 5).

Finally, in the Injury section of the Complaint, Wallace states:

> Serious long term injuries to neck, back, collarbone, shoulder's, & right knee of chronic pain resultant from medical staff denying x-ray's; MRI's; proper pain control & prescriptions requested are denied. By the ignorance of the tribal correctional offices who did not conduct medical investigation about 04-29-03 transite to Saint Vincent Emergency Room. While BIA of OLES/Crow Indian Agency

> Corrections staff denied prescribed Vicodin upon detaining Wallace for leaving the hospital at Billings, Montana. Further, prejudice, bias & racial libel & slandering character.

(Court's Doc. 2, p. 6)

III.  ANALYSIS

Although Wallace indicates on the first page of the Complaint that this matter is a medical malpractice claim, he has also included unexplained claims of prejudice, racial bias, libel, and slander.  In addition, he named a number of individuals and institutions, but does not describe what alleged wrongful actions each of these entities took.

The incoherence of Wallace's Complaint has made it difficult to pinpoint the exact nature of Wallace's claims.  Regardless, because he primarily directs his allegations against tribal defendants he has not stated a federal claims for relief.

Frequently, prisoners bring denial of medical care claims in federal court pursuant to 42 U.S.C. § 1983.  But Wallace cannot establish that the tribal entities and officers acted "under color of state law," as is required to state a claim under § 1983.  "[N]o action under

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT– CV 09-00116-BLG-RFC-CSO / PAGE 5

42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir. 1983).

In addition, "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either." N.L.R.B. v. Pueblo of San Juan, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc). Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit. Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998) (tribe); Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir. 1985) (tribal officials). "Absent congressional abrogation or explicit waiver, sovereign immunity bars suit against an Indian tribe in federal court." Burlington Northern & Santa Fe Ry. Co. v. Vaughn, 509 F.3d 1085, 1091 (9th Cir. 2007) (citing Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751,

754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998)). "This immunity protects tribal officials acting within the scope of their valid authority." Id. (citing Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir. 1985)).[1] Thus, to the extent that Wallace is suing the Crow Indian Tribe, the Northern Cheyenne, or their agencies and/or officials, those claims are barred by the doctrine of sovereign immunity.[2]

Wallace's primary claim appears to be an ordinary medical malpractice tort claim against tribal defendants. He may have a cause of action under state law or tribal law, but he had not plead a claim which arises under federal law. R.J. Williams, 719 F.2d at 981 (explaining that tribal laws and constitutions do not "arise under"

---

[1] "[T]ribal sovereign immunity does not bar a suit for prospective relief against tribal officers allegedly acting in violation of federal law." Burlington N. R.R. Co. v. Blackfeet Tribe, 924 F.2d 899, 901 (9th Cir. 1991), overruled on other grounds by Big Horn County Elec. Coop., Inc. v. Adams, 219 F.3d 944, 953 (9th Cir. 2000). To the extent, Wallace has raised a claim for injunctive or prospective relief, he has not done so against any defendant at his current place of incarceration—the Casper Re-entry Center.

[2] Tribal immunity precludes subject matter jurisdiction in an action against an Indian tribe. Lewis v. Norton, 424 F.3d 959, 961 (9th Cir. 2005).

federal law). Because there is no federal claim, the Court cannot exercise supplemental jurisdiction over the state claims, see 28 U.S.C. § 1367, and absence of diversity jurisdiction is apparent on the face of the complaint. See 28 U.S.C. § 1332(a) (requiring diversity of parties).

The Court will also recommend the dismissal of Wallace's claims against the Federal Correctional Institution at Sheridan, Oregon for several reasons. First, Wallace failed to state a claim upon which relief may be granted. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) is the case which provides a remedy for violation of civil rights by federal actors. But a Bivens claim is not available against the United States or a federal agency (such as a correctional institution). FDIC v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995).

Secondly, Wallace may not allege unrelated claims involving different defendants in a single lawsuit. F.R.C.P. 18(a), see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Any claims Wallace may

have against the Federal Correctional Institution at Sheridan, Oregon are unrelated to his medical claims against the tribal defendants.

Finally, this is not an appropriate venue for claims against a federal correctional institution in Oregon. The proper venue for a civil action based upon a federal question is defined by 28 U.S.C. § 1391 as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Any claim which Wallace may have against FCI Sheridan occurred in Oregon and presumably the Defendants reside in Oregon. Accordingly, venue for any such claim lies not in this Court but in the District of Oregon.

28 U.S.C. §1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As Wallace as failed to state a claim against FCI Sheridan and he has attempted to bring unrelated claims in the same suit, it would not be in the interest of justice to transfer this case. These claims will be recommended for dismissal.

IV. CONCLUSION

For the reasons set forth above, Wallace has failed to state a federal claim for relief, his Complaint is without merit. The defects set forth above could not be cured by the allegation of other facts. As such, his motion to proceed in forma pauperis should be denied and this matter dismissed.

A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The

Court should designate this case as a "strike" under this provision because Wallace fails to state a federal claim.

   B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

   Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT– CV 09-00116-BLG-RFC-CSO / PAGE 11

1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Wallace's failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

C. Address Changes

At all times during the pendency of these actions, Wallace SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Wallace has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE

OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

RECOMMENDATION

1. Wallace's Motion to Proceed in forma pauperis should be DENIED and this matter DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Wallace failed to state a federal claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The

record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Wallace may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of November, 2009.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge