FILED
BILLINGS DIV.

2009 DEC 30 AM 9 51

PATRICK E. DUFFY, CLERK
BY _____
         DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| **GREGORY LYNN WALLACE,** | CV-09-116-BLG-RFC |
| Plaintiff, | |
| vs. | |
| | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF** |
| **N. CHEYENNE CORRECTIONS OFFICERS, et. al.,** | **U.S. MAGISTRATE JUDGE** |
| Defendants. | |

On November 17, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this

1

Court dismiss Plaintiff's complaints for failure to state a claim upon which relief may be granted. Magistrate Judge Ostby further recommends the docket reflect that the filing of this action count as one strike against Plaintiff, pursuant to 28 U.S.C. § 1915(g).

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] In this matter, no party filed objections to the November 17, 2009 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

(2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

The incoherence of Plaintiff's Complaint makes it difficult to pinpoint the exact nature of Plaintiff's claims. Regardless, because Plaintiff primarily directs his allegations against tribal defendants he has not stated a federal claim for relief.

Frequently, prisoners bring denial of medical care claims in federal court pursuant to 42 U.S.C. § 1983. But Wallace cannot establish that the tribal entities and officers acted "under color of state law," as is required to state a claim under § 1983. "[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983).

In addition, "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either." *N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc). Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons

acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998) (tribe); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985) (tribal officials). "Absent congressional abrogation or explicit waiver, sovereign immunity bars suit against an Indian tribe in federal court." *Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1091 (9th Cir. 2007) (citing *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998)). "This immunity protects tribal officials acting within the scope of their valid authority." *Id.* (citing *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985)). Thus, to the extent that Wallace is suing the Crow Indian Tribe, the Northern Cheyenne, or their agencies and/or officials, those claims are barred by the doctrine of sovereign immunity.

Wallace's primary claim appears to be an ordinary medical malpractice tort claim against tribal defendants. He may have a cause of action under state law or tribal law, but he had not plead a claim which arises under federal law. *R.J. Williams*, 719 F.2d at 981 (explaining that tribal laws and constitutions do not "arise under" federal law). Because there is no federal claim, the Court cannot

4

exercise supplemental jurisdiction over the state claims, see 28 U.S.C. § 1367, and absence of diversity jurisdiction is apparent on the face of the complaint. *See* 28 U.S.C. § 1332(a) (requiring diversity of parties).

Dismissal of Plaintiff's claim against the Federal Correctional Institution at Sheridan, Oregon is also appropriate. Wallace failed to state a claim upon which relief may be granted. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) is the case which provides a remedy for violation of civil rights by federal actors. But a *Bivens* claim is not available against the United States or a federal agency (such as a correctional institution). *FDIC v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Wallace's Motion to Proceed in forma pauperis is **DENIED** and this matter is **DISMISSED** for failure to state a federal claim.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Wallace failed to state a federal claim upon which relief may be granted.

4.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 30th day of December, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE